Filed 4/2/24  P. v. Stuhler CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082821 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE413636) |
| MARTIN E. STUHLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Martin E. Stuhler appeals from a judgment after a jury convicted him of making criminal threats (Pen. Code,[1] § 422; count 1) with personal use of a deadly weapon (§ 12022, subd. (b)(1)) and exhibiting a deadly weapon (§ 417, subd. (a)(1); count two) and found that both offenses were hate crimes (§ 422.75, subd. (a), 422.7, subd. (a)).  His appointed counsel filed an opening

---

[1]     Undesignated statutory references are to the Penal Code.

brief raising no arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the judgment.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Jeffrey Kibble worked as a uniformed security guard at a shopping complex in La Mesa.  He is African American.

On August 15, 2022, Kibble was on duty standing outside the entrance to a Vons grocery store around 11:30 a.m.  A white man later identified as Stuhler came at him riding a bicycle with a trailer for his small dog.  Kibble had to move out of the way of the bicycle.  Stuhler started threatening Kibble and said, "I'm going to cut you, bitch; get out of my motherfucking way; I'm going to kill you, [n-word]."  Kibble was afraid that Stuhler would carry out his threats.  According to Kibble, Stuhler was acting "[l]ike a little wild man, just all over the place, just crazy, just like . . . a little Tasmanian."

After Stuhler got off his bicycle, he came at Kibble "like a little bull" and said, "I'm going to cut your black ass; I'm going to cut you, [n-word]; I hate you, you black motherfucker."  Kibble assumed a fighting stance with his fists clenched.  He told Stuhler, "You don't want none of this."  Stuhler came at Kibble at least three times during this initial encounter, then he turned around and walked into the Vons with his dog.

Vons assistant manager Joseph O'Neil told Stuhler he had to leave the store.  Stuhler walked right past him and responded, "Fuck you, this is not your store, you don't own this place."  He was being verbally combative with everyone in the area, including customers.  Stuhler got close to O'Neil and spit in his face.  O'Neil hit him with his iPad.

2

O'Neil and other employees escorted Stuhler and his dog back out of the store. He sat down on the ground near his bicycle just outside the doors. Stuhler continued cursing at people and calling them names, including customers as they walked in and out of the store.

Kibble called 911 while Stuhler was inside the store. He remained on the line with the 911 operator for over 10 minutes before the police arrived. Kibble reported that there was a man cussing and threatening everyone inside. He continued to narrate the events after Stuhler came out of the store, sat down on the ground, and continued cursing at people. Kibble told the 911 operator, "y'all better come get him because I'mma hurt him if he come at me, ma'am. I'm not . . . gonna [let him] assault me." Kibble also told Stuhler, "If you come at me I'mma break you dog, come on. Come on." The 911 operator warned Kibble, "Sir don't call him out." Kibble responded, "If he come at me I'm gonna break his fucking neck. That's what I'll do. I'mma break his fucking neck." The operator again responded, "Don't engage him like that. Please step away from him."

Stuhler got up from the ground with his dog and approached Kibble aggressively. After a verbal confrontation, Stuhler walked over to a stack of firewood for sale, grabbed a log, and approached Kibble with it threateningly. He said to Kibble, "I'm going to break your black ass, [n-word]." Kibble was afraid and believed his life was in danger. He got into a fighting stance again. He told Stuhler, "You better take me out with that."

Stuhler retreated and threw the log back into the stack of firewood. He and Kibble continued to spar with each other verbally. Stuhler repeatedly called Kibble the n-word. He said to another security guard, "If he acts like a [n-word], he deserves to be called one." At several points, Stuhler made a move to grab another log from the stack of firewood, but a security guard

3

stopped him.  One of the other employees also grabbed a baseball bat and stood off to the side with it.  Stuhler confronted him and accused him of having "a fuckin' assault weapon in your hand."

Stuhler eventually got back on his bicycle and left with his dog in tow. He had another confrontation with Kibble on his way out and continued to call him by the n-word.  It took approximately six minutes from when Stuhler exited the Vons until he finally left the scene on his bicycle.  A police officer located Stuhler nearby and talked to him shortly after he left.  According to the officer, Stuhler repeatedly used the n-word to refer to Kibble.  After speaking to Stuhler, the officer went to Vons and spoke with Kibble.  Kibble was still upset and his voice was shaking.

Stuhler was charged with making criminal threats (§ 422; count 1) and exhibiting a deadly weapon (§ 417, subd. (a)(1); count two).  The information further alleged that Stuhler used a deadly and dangerous weapon in the commission of count one (§ 12022, subd. (b)(1)) and that both offenses were hate crimes (§ 422.75, subd. (a), 422.7, subd. (a)).  In a jury trial, the jury found Stuhler guilty of both counts and found true the deadly weapon and hate crime allegations.  The court granted Stuhler two years formal probation.

On appeal, Stuhler's appointed appellate counsel filed a no-issue brief under *Wende* and *Anders*.  The brief identified the following potential issues to assist the court in conducting its independent review of the record: (1) whether Stuhler's conviction for criminal threats violated due process because there was insufficient evidence that he uttered a criminal threat; and (2) whether the hate crime findings violated due process because there was insufficient evidence that Stuhler was biased against Kibble based on his race and that his bias motivated him to commit the crimes.

4

We issued an order giving Stuhler an opportunity to file his own supplemental brief, but he has not done so.

## DISCUSSION

We have considered the potential issues identified by Stuhler's appellate counsel and conducted an independent review of the entire record for other arguable issues under *Wende* and *Anders*. Based on our review, we conclude there is no arguable issue that would result in a modification or reversal of the judgment. Stuhler is competently represented in this appeal. Accordingly, we affirm the judgment. (*Wende, supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


DATO, J.

5